IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORTON S. BOUCHARD, III, Individually and as Co-Trustee for the MORTON S. BOUCHARD, III Family Trust, Plaintiff, | § § § § § § | |
| v. | § § | Case No. 4:24-CV-693-AM |
| DAVID R. JONES, ELIZABETH CAROL FREEMAN, JACKSON WALKER, LLP, KIRKLAND & ELLIS, LLP, AND KIRKLAND & ELLIS INTERNATIONAL, LLP, PORTAGE POINT PARTNERS, LLC, and MATTHEW RAY, Defendants. | § § § § § § § § § § | |

## <u>ORDER</u>

Before the Court is a Notice of Withdrawal [ECF No. 58] filed by Defendants Matthew Ray and Portage Point Partners' regarding their Motion for Sanctions [ECF No. 45]. The Defendants and the Plaintiff stipulate to the withdrawal. (ECF No. 57.) Pursuant to the terms of the stipulation, the Defendants agree to withdraw the sanctions motion in exchange for having the case against them dismissed with prejudice. (*Id.*) However, the Court has discretion to determine whether to grant a motion to withdraw sanctions. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395–96, 110 S. Ct. 2447, 110 L.Ed.2d 359 (1990). So, on March 5, 2025, the Court held a hearing to decide whether to exercise its discretion to grant to motion to withdraw. Now, having heard from the parties on this matter, the Court finds that the stipulation should be given effect. *See* FED. R. CIV. P. 41(a)(1)(A)(ii), (b); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016).

Accordingly, Matthew Ray and Portage Point Partners' Motion to Withdraw [ECF No. 58] the Motion for Sanctions [ECF No. 45] is **GRANTED**.

It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE** as to Defendants Matthew Ray and Portage Point Partners, and as to these Defendants only.

SIGNED and ENTERED on this 5th day of March 2025.

_____
ALIA MOSES
Chief United States District Judge